CHICAGO—FIRST DISTRICT—DECEMBER, 1919.  125

Goldsmith Bros. S. & R. Co. v. The W. U. Tel. Co., 216 Ill. App. 125.

Goldsmith Brothers Smelting and Refining Company,
Appellee, v. The Western Union Telegraph Com-
pany, Appellant.

## Gen. No. 25,223.

TELEGRAPHS AND TELEPHONES, § 20*—*liability of telegraph com-
pany for failure to intercept and cancel telegram sent by plaintiff.*
There can be no recovery against a telegraph company for its
failure to succeed in intercepting and canceling, before its delivery
to the sendee, a business telegram previously delivered to it by
plaintiff for transmission.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R.
NEWCOMER, Judge, presiding. Heard in this court at the March term,
1919.  Reversed and judgment here.  Opinion filed December 8,
1919.

WEST & ECKHART, for appellant.

FOX & BLUMBERG, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opin-
ion of the court.

By this appeal defendant seeks the reversal of a
judgment against it of $99.43 in a fourth-class case
tried by the court.

Plaintiff's claim was based upon an alleged failure
of the defendant to cancel, pursuant to orders, a pre-
vious telegram sent by plaintiff over defendant's
lines.  Plaintiff is engaged in the business of buying,
smelting and refining precious metals in the City of
Chicago.  On December 29, 1917, it shipped to Handy
& Harman of New York City approximately 8,000
ounces of silver, accompanied by a letter.  On Decem-
ber 31 plaintiff received a telegram from Handy &
Harman referring to the letter of the 29th and bidding
91 cents for the silver, and requesting a prompt reply.
At 4 o'clock of the same day, plaintiff delivered to the
defendant, at a branch office in the Mallers Block, Chi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

cago, on the usual telegraph blank, a message addressed to Handy & Harman, reading: ''Accept your offer. Silver shipped last Saturday.'' Shortly thereafter, on the same day, plaintiff received an offer from another concern for this same silver at a slightly higher figure. Acceptance of this necessitated a withdrawal of the previous acceptance to Handy & Harman, and for this purpose plaintiff called up the branch office and requested that this latter message be recalled; afterwards plaintiff's treasurer called in person at the telegraph office to effect if possible this cancellation. He there had an interview with one of the clerks of the defendant, who told plaintiff's representative that the only way this could be canceled would be by sending a telegram to New York. Such a telegram is called a ''service message.'' Later on the same day plaintiff's stenographer called up the telegraph office to ask whether the Handy & Harman message had been recalled. She testified that she was informed that this had been canceled. The clerk of the defendant with whom she talked denies this and asserts that he told her he had sent the service message to New York and could not tell until he had received an answer to it as to whether the first message had been canceled. We are of the opinion that this latter statement is entitled to the greater credence as being entirely consistent with the situation.

There is evidence, of questionable competency, that plaintiff subsequently accepted the larger offer made by the parties other than Handy & Harman. After defendant's operator had told plaintiff's representative that the first message would be recalled if possible, a service message was sent to New York, and also several tracers. It appears, however, that neither the service message nor the tracers caught up with the first telegram, which was delivered to Handy & Harman in due course of business. On January 5, 1918, a clerk in the employ of defendant at New York called at the office of Handy & Harman and spoke to a Mr. Gray

of that office, telling him of the desire of plaintiff to recall the acceptance of December 31. Gray then stated that this would be canceled and this was communicated to the Chicago office of the defendant on the same day. Shortly thereafter Gray 'phoned the New York office of the defendant that Handy & Harman declined to allow this acceptance to be canceled.

Plaintiff says in its brief before us that there is no case in the books involving the question of the right of a party to recover under such circumstances. We can well believe this. It seems self-evident that there can be no recovery. Defendant at most undertook to use its best endeavor to intercept the first message before delivery. The record does not show any lack in this attempt. When the first message was delivered to defendant it obligated itself to transmit and deliver the same promptly and expeditiously. Apparently this obligation was so well performed as to make it impossible for the following service message of cancellation to overtake the first. To permit plaintiff to recover for this failure would give it a right of action because of the prompt performance of the duty of defendant in the first instance. In other words, the more efficiently defendant performed its obligation with reference to the first telegram, the greater the possibility it might be liable for failure to avert the results of such efficiency. Such a contention requires no argument to demonstrate its unreasonableness.

The record discloses no cause of action, and the judgment is reversed and judgment of *nil capiat* is entered in this court.

*Reversed and judgment here.*